IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50077
c/w No. 02-50078
Conference Calendar

_____

ARNOLD RAY LAMOTTE, JR.,

Plaintiff-Appellant,

versus

BOB PERKINS, Judge, of 331st District Court,

Defendant-Appellee.

--------------------
ARNOLD RAY LAMOTTE, JR.,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-840-H
USDC No. A-01-CV-839-H
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Arnold Ray Lamotte, Texas prisoner #1077212, seeks leave to

proceed in forma pauperis (IFP) following certification that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeals were taken in bad faith. Lamotte appeals from the dismissals of his actions as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). He contends that the district judge lacked jurisdiction over his actions and that the district court should have allowed him to proceed IFP solely on the basis of his financial status. We consolidate the appeals *sua sponte*. FED. R. APP. P. 3(b)(2).

A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The appellant may challenge the district court's certification decision by filing in this court a motion for leave to proceed IFP. *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5). The motion, however, "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. If the merits of the appeal are "inextricably intertwined with the certification decision," this court may determine both issues. *Id*. This court's inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Lamotte has failed to present any nonfrivolous issues for appeal. First, Lamotte's jurisdictional argument lacks a factual basis -- the Senior District Judge who presided over his cases

has been designated to hear cases throughout Texas. 28 U.S.C. § 294(c). Second, Lamotte does not contend that the district court erred by dismissing his actions pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). He has failed to brief the sole issue relevant to the district court's dismissal of his actions. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Third, because the district court made merits determinations when dismissing Lamotte's actions and denying IFP, Lamotte was not prejudiced by the denial of leave to proceed IFP in the district court. To the extent Lamotte seeks to argue that the district court should have granted leave to proceed IFP on appeal solely on financial grounds, 28 U.S.C. § 1915(a)(3) provides for IFP denials for appeals that are taken in bad faith.

Lamotte's appeals are without arguable merit and are dismissed as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The dismissals of Lamotte's actions and the dismissals of his appeals count as four "strikes" for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Lamotte previously had three civil actions dismissed as frivolous or for failure to state a claim, with the last two being dismissed on June 17, 2002. *Lamotte v. Bin Laden*, No. P-02-CA-037 (W.D. Tex. Jun. 17, 2002); *Lamotte v. Evans*, No. P-02-CA-036 (W.D. Tex. Jun. 17, 2002); *Lamotte v. Perkins*, No. A-01-CA-694-H (W.D. Tex. Oct. 22, 2001). Lamotte is barred

from proceeding IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

IFP DENIED.  APPEALS DISMISSED.  28 U.S.C. § 1915(g) SACNTION IMPOSED.